IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ADVANCED DRAINAGE SYSTEMS, INC.,

       Plaintiff                              Case No. 2:08-cv-1145

     v.                                      Judge Graham

SHAWN LUTON, et al.                   Magistrate Judge Kemp

       Defendant.

## **Order**

This matter comes before the Court on plaintiffs' motion for a temporary restraining order (Doc. 4) filed on December 5, 2008, contemporaneously with a complaint for injunctive and declaratory relief. (Doc. 2) Per this court's order of December 10, 2008, plaintiffs filed a supplemental memorandum and affidavits in support of its motion. On December 15, 2008, defendants filed a memorandum in opposition to the plaintiffs' motion.

Fed. R. Civ. P 65 governs the issuance of a temporary restraining order. When deciding whether to grant preliminary injunctive relief, the Court considers four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of preliminary injunctive relief. See Leary v. Daeschner, 228 F. 3d 729, 236 (6th Cir. 2000).

Upon review of the documentation provided by both parties, the court concludes that there remain issues of fact and law which preclude the granting of the temporary restraining order prior to the hearing scheduled for January 8, 2009. The court finds that there remain

significant questions of fact regarding whether defendant Bertils is actually engaging in any activities that are prohibited by the non-compete agreement. More importantly, the court finds that there is a serious issue as to whether Georgia or Ohio law applies to this case which may significantly impact the enforceability and/or legality of the non-compete agreements. Given these circumstances, the plaintiff has, at this early stage, not established a "likelihood of success on the merits" as is required pursuant to Fed. R. Civ. P. 65. Having so found, the court need not consider the remaining factors at this time. See, Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997) (where the court concludes that there is no substantial likelihood of success on the merits, it need not address the other three factors). Accordingly, the plaintiffs' motion for temporary restraining order is DENIED. The hearing on the request for preliminary injunction shall proceed as scheduled on January 8, 2009.

       IT IS SO ORDERED.

                                  S/ James L. Graham
                                  James L. Graham
                                  UNITED STATES DISTRICT JUDGE

Date: December 17, 2008